UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM MORTIMER,

                Plaintiff,

            -against-

SCOTT GRODSKY, et al.,

                Defendants.

1:20-CV-8192 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 18 U.S.C. §§ 1028A, 1343, 1349, and 2, 42 U.S.C. §§ 1983 and 1985, as well as under state law, including claims of fraud and claims under the New York General Business Law and the New York City Consumer Protection Law. She seeks the criminal prosecution of the defendants and damages. She also asks this Court to temporarily enjoin the sale, marketing, or auction of property owned by 60 91st Street Corporation, including the real property located at 60 West 91st Street, New York, New York; it is the subject of ongoing proceedings in the United States Bankruptcy Court for the Southern District of New York. In addition, Plaintiff asks that this Court recalculate a state-court referee's calculations with regard to the foreclosure of that real property. She also requests that this Court enjoin the sanctions levied against her by the Bankruptcy Court or "totally eviscerate the loan," "[s]tay all actions until a proper forensic accounting has been conducted," and "determine whether or not the mortgage and note should be rescinded." (ECF 2, at 112-13.)

      By order dated November 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff makes the following allegations: Plaintiff is the sole shareholder of 60 91st Street Corporation ("the Corporation"). The Corporation owns the real property located at 60 West 91st Street, New York, New York, which is a "multi-family building consisting of nine (9) units"; Plaintiff resides in one of those units. (ECF 2, at 17-18.)[1] Plaintiff is the guarantor of a mortgage on the real property. On behalf of the Corporation, she sought refinancing of the mortgage from some of the defendants.[2] Those defendants and others defrauded Plaintiff in the refinancing of that mortgage. The Corporation defaulted on the mortgage. On November 21, 2019, a state court ordered the foreclosure and sale of the real property. The Corporation has appealed that order, and that appeal is pending in the New York Supreme Court, Appellate Division, First Department.

On February 4, 2020, Plaintiff "filed for Non-individual voluntary Bankruptcy" in the United States Bankruptcy Court for the Southern District of New York. (*Id*. at 46.)[3] That court appointed Defendant Heidi Sorvino as the bankruptcy trustee for the Corporation. As a result of that appointment, on April 28, 2020, Plaintiff "was immediately removed from operating, managing and earning a living from the income generated by the [real] property." (*Id.* at 50.) But

---

[1] Plaintiff also alleges that she is the "100% owner" of the real property. (ECF 2, at 18.) But all of her other allegations suggest that she owns the Corporation, and that the Corporation owns the real property.

[2] After Plaintiff filed her complaint, she filed a submission that is a collection of documents. (ECF 4.) The Court construes that submission as a supplement to the complaint. Those documents show that Plaintiff sought refinancing on behalf of the Corporation.

[3] Plaintiff refers to a pending action that the Corporation commenced on February 4, 2020, in the Bankruptcy Court. *See In re 60 91st Street Corp.*, No. 20-10338 (Bank. S.D.N.Y.).

3

the Bankruptcy Court did not adequately notify her of this. In failing to so do, the Bankruptcy Court violated her constitutional rights of procedural and substantive due process. On May 9, 2020, Plaintiff appealed the Bankruptcy Court's appointment of Sorvino, and that appeal is pending.[4]

On May 11, 2020, Sorvino visited the real property with Defendant Grodsky, one of the Corporation's creditors. Without Plaintiff's consent, Sorvino and Grodsky entered the property to speak with tenants and to look at the vacant apartments within the building. Plaintiff refused to allow them, or at least Grodsky, to confirm that the vacant apartments were indeed vacant. Grodsky hired a locksmith to drill the locks of the vacant apartments to open them. Plaintiff called the police. After speaking to the police, Plaintiff would only allow Sorvino access to at least some of the vacant apartments.

Plaintiff has been held in contempt by the Bankruptcy Court because of false statements Sorvino made in her motion to find Plaintiff in contempt.[5]

## DISCUSSION

**A.        Plaintiff's claims on behalf of the Corporation**

Plaintiff, who is not an attorney, is prohibited from asserting claims on behalf of the Corporation. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental

---

[4] Plaintiff refers to a Bankruptcy appeal that is pending before Judge Lorna G. Schofield of this Court. *See In re 60 91st Street Corp.*, 1:20-CV-4032 (S.D.N.Y.).

[5] By order dated August 26, 2020, the Bankruptcy Court granted, in part, Sorvino's motion to (1) find Plaintiff in contempt of that court, (2) sanction her, (3) enjoin her from contacting tenants, and (4) direct her to provide certain documents to Sorvino. *In re: 60 91st Corp.*, No. 20-10338, 147 (Bankr. S.D.N.Y. Aug. 26, 2020). On September 1, 2020, Plaintiff filed a notice of appeal with respect to that order, *In re 60 91st Corp.*, No. 20-10338, 148 (Bankr. S.D.N.Y.), and her appeal is pending in this Court before Judge Paul A Engelmayer, *In re: 60 91st Street Corp.* 1:20-CV-7654 (S.D.N.Y.).

4

regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "Although § 1654 . . . recognizes that an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, [it] does not permit unlicensed laymen to represent anyone else other than themselves." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (internal quotation marks and citation omitted). Accordingly, a person who is not an attorney cannot assert claims in a federal court on behalf of an artificial entity, such as a corporation. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). This rule applies even when a corporation is wholly owned by a sole shareholder. *E.g.*, *Berrios*, 564 F.3d at 133 ("[W]e have held that a layperson may not represent a corporation of which he is the sole shareholder.").

Plaintiff alleges that (1) she is the sole shareholder and owner of the Corporation, (2) the Corporation owns the real property, and (3) the Corporation has a mortgage on the real property and she is the mortgage's guarantor. She asserts claims on behalf of the Corporation, including claims for (1) injunctive relief with regard to the sale, marketing, or auction of any property owned by the Corporation, including the real property, (2) recalculation of a state-court referee's foreclosure calculations with regard to the real property, (3) "eviscerate[ion] [of] the loan because of fraud," (4) a stay of the Corporation's pending bankruptcy proceedings, and (5) rescission of any mortgage or promissory note associated with the real property. (ECF 2, at 112-13.) But Plaintiff does not allege that she is an attorney. Thus, she is prohibited from asserting these or any other claims on behalf of the Corporation. Accordingly, the Court dismisses Plaintiff's claims that she asserts on behalf of the Corporation without prejudice.

## B. Claims that challenge sanctions against Plaintiff

Plaintiff asks this Court to issue "an injunction [with respect to the] sanctions that are currently being levied upon her in the Bankruptcy Court" as a result of that court's August 26, 2020 order. (ECF 2, at 112.) Plaintiff filed her complaint for this action in this court on September 30, 2020, after she filed her notice of appeal in the Bankruptcy Court on September 1, 2020, to appeal the August 26, 2020 order. Her claims in this action in which she challenges the sanctions that the Bankruptcy Court issued against her are therefore duplicative of her pending appeal in this court in *In re: 60 91st Street Corp.*, 1:20-CV-7654 (S.D.N.Y.). The Court therefore dismisses these claims without prejudice as duplicative of that appeal. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) (For a duplicative second action, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

## C. Private prosecution

Plaintiff seeks the criminal prosecution of the defendants. A private party, however, cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which she seeks the criminal prosecution of the defendants for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims under 42 U.S.C. § 1983**

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "Because the United States Constitution regulates only the Government, not private parties, [in a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's or private law firm's legal representation of a private entity does not constitute the degree of state involvement necessary for a claim under § 1983, regardless of whether that attorney or firm is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983); *Lefcourt v. Legal Aid Soc'y*, 445 F.2d 1150, 1157 n.10 (2d Cir. 1971) ("To subject to the constitutional limitations on State action the hiring and firing and other practices of any private law firm which accepted court appointments to represent indigent claims would be a highly unreasonable extension of the State action concept and § 1983 and would quite transcend

7

their intended scope." ); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."). In addition, courts have determined that bankruptcy trustees are not state actors because of their appointment as bankruptcy trustees. *In re Bernard L. Madoff Inv. Secs., LLC*, Nos. 16-CV-2792, 16-CV-2804, 16-CV-2806-, 16-CV-2807, 2016 WL 3892765, *3 (S.D.N.Y. July 14, 2016); *In re Bernard L. Madoff Inv. Secs., LLC*, 440 B.R. 282, 299 (Bankr. S.D.N.Y. 2010) ("{T]he Trustee, whose powers and duties are established by the federal Bankruptcy Code . . . , is not plausibly a state actor."); *see Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1996).

All of the defendants, with the possible exception of Sorvino, are private attorneys, private law firms, or other private parties. And Plaintiff does not allege any facts that show that any of these defendants were acting under color of state law when they allegedly injured her.[6] The Court therefore dismisses Plaintiff's claims under § 1983 against those private defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**E.     Claims under 42 U.S.C. § 1985(3)**

The Court understands Plaintiff's complaint as asserting claims of conspiracy under 42 U.S.C. § 1985(3). To state such a claim, a plaintiff must show that there exists: (1) a conspiracy;

---

[6] Sorvino, as a trustee appointed by a federal bankruptcy court, is acting under color of federal law, not state law, when acting as a trustee. But even if Plaintiff's claims against Sorvino are understood as brought under the federal analog to § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), these claims arise from Sorvino's alleged constitutional injuries to the Corporation, not to Plaintiff herself. Thus, because Plaintiff is not an attorney, she cannot assert claims on behalf of the Corporation for injuries to the Corporation. *E.g.*, *Berrios*, 564 F.3d at 133. The Court therefore dismisses these claims against Sorvino without prejudice.

(2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

Plaintiff's claims that the defendants engaged in a conspiracy to deprive her of her federally protected rights are vague and without detail. And she fails to allege any facts suggesting that any actions against her were motivated by racial or some other class-based discriminatory animus. The Court therefore dismisses Plaintiff's claims of conspiracy under § 1985(3) for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**F.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### G.  Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims that she brings on behalf of 60 91st Street Corporation, including her claims against Defendant Sorvino, without prejudice. The Court also dismisses Plaintiff's claims in which she challenges the sanctions issued against her by the Bankruptcy Court without prejudice to her pending appeal of those sanctions in *In re: 60 91st Street Corp.*, 1:20-CV-7654 (S.D.N.Y.). The Court further dismisses Plaintiff's remaining claims under federal law for failure to state a claim on which relief may granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   November 13, 2020
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.